UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| MICHAEL J. GIBBAR, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | Case No. 1:07CV156 LMB |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) |  |
| Defendant. | ) |  |

## MEMORANDUM AND ORDER

This is an action under 42 U.S.C. § 405(g) for judicial review of defendant's final decision denying the application of Michael J. Gibbar for disability benefits under Title II of the Social Security Act. This case has been assigned to the undersigned United States Magistrate pursuant to the Civil Justice Reform Act and is being heard by consent of the parties. See 28 U.S.C. § 636(c). Currently pending is Defendant's Motion to Reverse and Remand and for Entry of Final Judgment, with Suggestions in Support. (Document Number 12).

In his motion, defendant states that agency counsel requested the Appeals Council of the Social Security Administration to reconsider the Commissioner's decision. Defendant states that upon review, the Appeals Council determined that remand for further administrative action was appropriate. Defendant requests that the court remand the cause to the Commissioner, who will remand the case to an Administrative Law Judge (ALJ). The ALJ will be directed to conduct a supplemental hearing and afford plaintiff the opportunity to submit additional evidence. The ALJ will redetermine plaintiff's residual functional capacity with the aid of medical expert evidence. The ALJ will also obtain vocational expert evidence regarding the effect of the residual functional capacity on plaintiff's ability to perform other work. Defendant requests that the court enter a final

judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure reversing the decision of the ALJ and remanding this case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).

Sentence four of 42 U.S.C. § 405(g) provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." However, in order for the court to properly remand a case to the Commissioner pursuant to sentence four, the court must enter an order either affirming, modifying or reversing the Commissioner's decision. See Brown v. Barnhart, 282 F.3d 580, 581 (8th Cir. 2002).

The undersigned believes that it is appropriate to reverse and remand this case in order to permit the Commissioner to take further action as requested in his motion.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Reverse and Remand and for Entry of Final Judgment with Suggestions in Support (Doc. No. 12) be and it is **granted.**

**IT IS FURTHER ORDERED** that the decision of the Commissioner be **reversed** and this cause be **remanded** to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) for those reasons set forth in this Memorandum and Order. A separate written judgment will be entered in favor of the plaintiff and against the defendant.

Dated this ___31st___ day of March, 2008.

                                                      LEWIS M. BLANTON
                                                      UNITED STATES MAGISTRATE JUDGE